**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HARRIS CORPORATION, a Delaware corporation,

    Plaintiff,

v.

RUCKUS WIRELESS, INC., a Delaware corporation,

    Defendant.

Case No.: 6:11-cv-618-MSS-KRS

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
**(WITH INJUNCTIVE RELIEF SOUGHT)**

Plaintiff HARRIS CORPORATION hereby sues Defendant RUCKUS WIRELESS, INC. and states:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Harris Corporation ("Harris") is a Delaware corporation conducting business in this judicial district and division and having its principal place of business at 1025 W. NASA Boulevard, Melbourne, Florida.

2. Defendant Ruckus Wireless, Inc. ("Ruckus") is a Delaware Corporation, which sells and/or offers for sale products within the United States, including within this judicial District and division.

3. This action arises under the patent laws of the United States. Upon information and belief, Ruckus infringes Harris' patents in the United States, including in Florida. This Court has jurisdiction over the subject matter of this action as to Ruckus pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Ruckus is subject to personal jurisdiction in this State. Ruckus regularly conducts, engages in or carries on a regular and established business or business venture in this State and in this judicial district and engages in substantial and not isolated activity within this State. Upon information and belief, Ruckus sells products and performs methods that infringe one or more claims of a Harris' patent in Florida, causing injury in Florida.

5. Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b).

## STATEMENT OF FACTS

6. Harris is the sole and exclusive owner of all rights, title and interest to the following valid and enforceable United States Patents (collectively, the "Patents-in-Suit"):

| Patent No. | Title |
|---|---|
| 6,504,515 ("the '515 Patent") | High Capacity Broadband Cellular/PCS Base Station using a Phased Array Antenna |
| 7,916,684 ("the '684 Patent") | Wireless Communication Network Providing Communication Between Mobile Devices and Access Points |

True and correct copies of the Patents-in-Suit are attached hereto at Doc. 13-1 and 13-2 as Exhibits 1 and 2, respectively.

7. Upon information and belief, Ruckus has made, sold, offered for sale, imported into, and/or used in the United States and in this judicial district products or methods that directly infringe upon one or more claims of the Patents-in-Suit, including but not limited to the sale, offer for sale, importation and/or use of Ruckus' MediaFlex 2200 series, MediaFlex 2800 series, MediaFlex 2835, MediaFlex 7000 series, MediaFlex 7200 series, ZoneFlex 2741, ZoneFlex 2925, ZoneFlex 2942, ZoneFlex 7300 series, ZoneFlex 7761-CM, ZoneFlex 7762, ZoneFlex 7762-S, ZoneFlex 7942, and ZoneFlex 7962 Access Points, as well as the ZoneDirector 1000/1100 and ZoneDirector 3000 controller products.

8. Upon information and belief, Ruckus has induced the infringement and/or contributed to the infringement of the Patents-in-Suit, by knowingly and actively encouraging customers to install and/or use the Ruckus MediaFlex 2200 series, MediaFlex 2800 series, MediaFlex 2835, MediaFlex 7000 series, MediaFlex 7200 series, ZoneFlex 2741, ZoneFlex 2925, ZoneFlex 2942, ZoneFlex 7300 series, ZoneFlex 7761-CM, ZoneFlex 7762, ZoneFlex 7762-S, ZoneFlex 7942, and ZoneFlex 7962 Access Points, as well as the ZoneDirector 1000/1100 and ZoneDirector3000 controller products.

### **COUNT I**

### **(Infringement of U.S. Patent No. 6,504,515)**

9. Harris herein restates and incorporates into this Count the allegations of Paragraphs 1 through 8, *supra*.

10. On January 7, 2003, the '515 Patent was duly and legally issued by the United States Patent and Trademark Office. Harris is the owner of the entire right, title and interest in and to the '515 Patent.

11. Upon information and belief, Ruckus has sold products and performed methods that infringe directly, by inducement and/or contributorily, one or more claims of the '515 Patent.

12. Upon information and belief, Ruckus has infringed and is still infringing one or more claims of the '515 Patent by making, selling and using wireless products that embody Harris' patented invention.

13. Ruckus' acts of infringement have caused damage to Harris and Harris is entitled to recover compensatory damages sustained as a result of Ruckus' wrongful acts. Upon information and belief, Ruckus will continue to infringe the '515 patent, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

14. Upon information and belief, Ruckus lacks justifiable belief that there is no infringement or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Ruckus' infringement of the '515 Patent is therefore willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## COUNT II

### (Infringement of U.S. Patent No. 7,916,684)

15. Harris herein restates and incorporates into this Count the allegations of Paragraphs 1 through 13, *supra*.

16. On March 29, 2011, the '684 Patent was duly and legally issued by the United States Patent and Trademark Office. Harris is the owner of the entire right, title and interest in and to the '684 Patent.

17. Upon information and belief, Ruckus has sold products and performed methods that infringe directly, by inducement and/or contributorily, one or more claims of the '684 Patent.

18. Upon information and belief, Ruckus has infringed and is still infringing one or more claims of the '684 Patent by making, selling and using products that embody Harris' patented invention.

19. Ruckus' acts of infringement have caused damage to Harris and Harris is entitled to recover compensatory damages sustained as a result of Ruckus' wrongful acts. Upon information and belief, Ruckus will continue to infringe the '684 patent, continuing to damage Harris and causing irreparable harm unless enjoined by this Court.

20. Upon information and belief, Ruckus lacks justifiable belief that there is no infringement or that the infringed claims are invalid, and has acted with objective

recklessness in its infringing activity. Ruckus' infringement of the '684 Patent is therefore willful, and Harris is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

WHEREFORE, Plaintiff Harris respectfully demands that the Court enter such preliminary and final orders and judgments as are necessary to provide Harris with the following relief:

A. A preliminary and then permanent injunction enjoining Ruckus from infringing each of the Patents-in-Suit;

B. A judgment that Ruckus infringes one or more claims of the Patents-in-Suit;

C. An award of damages against Ruckus under 35 U.S.C. § 284 in an amount adequate to compensate Harris for infringement, but in no event less than a reasonable royalty for the use made by Ruckus of the inventions set forth in the Patents-in-Suit, together with pre-judgment interest;

D. An award against Ruckus for exemplary damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

E. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Harris respectfully demands a trial by jury as to all matters so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 23, 2011, I electronically filed the foregoing with the Clerk of the Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Case of the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to:

Colby B. Springer
cspringer@lrlaw.com

William C. Guerrant, Jr.
wguerrant@hwhlaw.com

*Counsel for Defendant*

    **I FURTHER CERTIFY** that on May 23, 2011 I provided a true and correct copy of

the foregoing to Non-CM/ECF participants:

Robert J. Yorio
Carr & Ferrell, LLP
120 Constitution Drive
Menlo Park, CA 94025

*Counsel for Defendant*

              /s/ Thomas A. Zehnder
              Thomas A. Zehnder
              Florida Bar No.: 0063274
              Frederick S. Wermuth
              Florida Bar No.: 0184111
              Taylor F. Ford
              Florida Bar No.: 0041008
              KING, BLACKWELL, DOWNS & ZEHNDER, P.A.
              Orlando, Florida 32802-1631
              Telephone: (407) 422-2472
              Facsimile: (407) 648-0161
              tzehnder@kbdzlaw.com
              fwermuth@kbdzlaw.com
              tford@kbdzlaw.com

              *Counsel for Plaintiff*