IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HARRIS CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>RUCKUS WIRELESS, INC.,<br><br>        Defendant. | Case No. 6:11-cv-00618-CEM-KRS |

**DEFENDANT RUCKUS WIRELESS, INC.'S REPLY IN SUPPORT OF ITS**
***DAUBERT* MOTION TO EXCLUDE THE TESTIMONY AND**
**OPINIONS OF DR. NISHA MARIE MODY, PH.D**

## I. INTRODUCTION

Harris argues in its Opposition that it is not bound by the Federal Circuit's smallest salable unit rule because of two "exceptions:" 1) the accused access points are "single purpose devices"; and 2) Harris believes that the asserted patents cover the *entire* WiFi access points. Harris is wrong as a matter of law and fact.

First, the Federal Circuit has made clear in three separate decisions that the *only exception* to the smallest salable unit rule is to show that the patented technology is the sole driver of consumer demand for the entire product. It is undisputed that Dr. Mody never opined that the patented technology is the sole driver of consumer demand for the Ruckus access points.

Further, no court has ever recognized an exception for Harris's so-called "single purpose device," and Harris does not provide any legal support for creating such an exception. Harris appears to have contrived this concept to avoid exclusion of its expert. The Federal Circuit has been explicit: unless the plaintiff presents evidence the patented feature is the *sole driver* of consumer demand for a multi-component product, the plaintiff must base royalties on the smallest salable unit.

Second, Harris's claim that the asserted patents cover the entire WiFi access points is undermined by Dr. Mody's deposition testimony, in which she admitted that 1) the patented technology is performed by only portions of the accused access points; and 2) Harris's patents do not cover the entire accused access points. Harris's bizarre claim that WiFi access points do not contain a smallest salable unit is contradicted by numerous court opinions applying the smallest salable unit rule to WiFi access points and similar devices designed for internet connectivity.

Harris fails to acknowledge the significant evolution in patent damages law since 2012. Historically, plaintiffs based their royalties on the entire market value of the product. This is

called the Entire Market Value Rule ("EMVR"). By 2012, the Federal Circuit became concerned that the EMVR was creating two prejudicial issues, particularly with respect to complex, multi-component electronic devices that had become the subject of numerous patent lawsuits:

First, the entire value of the product usually bore little to no relation to the value of the patented technology, which was implemented by small elements of multi-component products. Asking for a seemingly small royalty based on a product's entire value could lead the jury to believe the royalty was fair, but it created a windfall for plaintiffs. For example, the asserted patent in *LaserDynamics* related to detecting what type of disk had been inserted into a CD/DVD drive. The Federal Circuit rejected the plaintiff's attempt to base its royalty on the entire value of the laptop computer, holding that royalties based on the entire laptop could make the plaintiff's proffered damages amount appear modest by comparison to the value of a laptop, but would over-compensate the plaintiff for its invention, which related only to one aspect of the CD/DVD drive.

Second, technology companies were facing multiple patent lawsuits, with the prospect of paying more in patent royalties than the value of the components the patents covered. Accordingly, the Federal Circuit held in *LaserDynamics* that ***all cases*** involving multi-component products are subject to the smallest salable unit rule.

Harris makes three excuses--all of them contradictory to one another--to justify its violation of the Federal Circuit's smallest salable unit rule. First, it claims that there is no smallest salable unit in a WiFi access point. This claim is nothing more than unsupported attorney argument, and courts have routinely rejected such claims. Second, Harris claims that Ruckus failed to identify the components that allegedly infringe. This is wrong because it is Harris's burden to identify the requisite components, and Ruckus identified in its rebuttal report

2

the components that comprise the smallest salable unit. Third, Harris complains that Ruckus did not timely produce costed BOMS. However, Harris never requested costed BOMs, and it states in its opposition that they are irrelevant because there is no smallest salable unit in this case.

II. **ARGUMENT**

   A. **Controlling Federal Circuit Case Law Requires Dr. Mody to Use the Smallest Salable Unit in this Case**

The "smallest salable unit" concept first arose in *Cornell Univ. v. Hewlett-Packard Co.*,[1] in which former Federal Circuit Chief Judge Randall Rader, sitting by designation in the Northern District of New York, stated the *smallest salable unit--and not the entire product*--must be used as the royalty base to calculate damages of multi-component products. *See VirnetX v. Cisco Systems, Inc.*, 767 F. 3d 1308, 1327 (Fed. Cir. 2014).

In *LaserDynamics v. Quanta Computer, Inc.*, the Federal Circuit adopted the smallest salable unit rule previously articulated by Judge Rader in *Cornell*. 694 F.3d 51, 67 (Fed. Cir. 2012). The court held that the use of the entire market value rule was now impermissible, unless the plaintiff presented evidence that the patented feature was the sole driver of demand for the accused product. This is the *only* exception. The Federal Circuit was explicit:

> We reaffirm that ***in any case involving multicomponent products***, patentees may not calculate damages based on sales of the entire product, as opposed to the smallest salable patent-practicing unit, without showing that the demand for the entire product is attributable to the patented feature.

*Id*. (emphasis added). It is undisputed in this case that 1) the accused access points are multi-component products, and 2) Dr. Mody did not opine or present evidence that Harris's patented technology drives demand for the accused access points. Dr. Mody cannot avoid the smallest salable unit rule.

---

[1] 609 F. Supp.2d 279, 288 (NDNY 2009)

3

## B. Harris's Patents Do Not Cover The Entire Access Point

Harris did not invent WiFi access points. Harris's claims that the entire product infringes its patents are not supported by any evidence, and they are undermined by Dr. Mody's sworn testimony. Dr. Mody admitted that the patents only cover certain components in the accused products, and that the accused products have functionalities beyond the patented invention:

> **Q:** Do you--do you believe that the accused technology--the patented technology is performed by some component or series of components in the accused products?
> **A:** I imagine it's performed by certain portion of--of--of an item. I don't imagine it's performed by the plastic that might surround it, or something like that.
>
> **Q:** So your understanding is the accused products are designed to do one thing. And is that one thing the patented technology?
> **A:** I'm not saying that the patented technology is the entire product, no. That's why I've had to isolate the--the value.

*See* Exhibit 1, Excerpts of Nisha Mody 4/8/2015 Deposition Tr. ("Mody Tr.") at 286:21-287:3; 287:17-23.

Harris's own arguments to this Court demonstrate that its patents do not cover every function and component of the access points. They disclose a discrete method of wireless transmissions using known and pre-existing WiFi features and equipment. In its *Markman* Motion, Harris told the Court that the '515 patent is directed toward a wireless communication system that employs "a set of wideband digital radios combined with a phased array antenna to provide higher channel reuse and higher trunking efficiency." Dkt. No. 68 at 2. In other words, the '515 patent involves a particular use of ***digital radios*** combined with an ***antenna*** to improve on existing access point technology.

Likewise, Harris told the Court that the '684 patent is "directed towards a wireless network for communicating using multiple access points" where the master access point is wired, and the other access points are connected to it wirelessly. Dkt. No. 68 at 3-4. In other words, the

'684 patent involves a configuration of standard and pre-existing access points where the master is wired, and the rest communicate with the master wirelessly via a set of WiFi radios.

Against this backdrop, the Federal Circuit requires Dr. Mody to identify the particular components in the accused WiFi access points that are necessary to implement *only* the patented technology. The '515 patent requires WiFi radios and an antenna, as Harris identified. The '684 patent requires a set of WiFi radios.

Dr. Mody's opinions should be excluded because she did not even attempt to identify the relevant components, as she is required to do. If she had, the parties could theoretically dispute which components are required to implement the patented technology. However, the point of Ruckus's *Daubert* motion is that Dr. Mody ***altogether failed*** to base her royalties on the smallest salable unit. This is a blatant violation of Federal Circuit case law.

### C. The Smallest Salable Unit Rule Has Been Applied in Numerous WiFi Access Point Cases

Harris's assertion that there is an exception to the smallest salable unit rule for so-called "single purpose devices" is wrong. Opposition at 12. This is not a recognized term or concept in patent damages law, and Harris does not cite to any supporting authority. It appears to be a concept that Harris fabricated for purposes of its opposition. The number of "purposes" a product has is not relevant. Indeed, numerous courts have applied the smallest salable unit rule to internet connectivity devices similar to the accused products in this case.

#### 1. *California Institute of Technology v. Hughes Communications, Inc.* **(C.D. Cal.)**

In *California Institute of Technology v. Hughes Communications, Inc.*, (issued subsequent to Ruckus's *Daubert* motion) the court excluded the plaintiff's expert for using the entire market value to determine the royalty for accused satellite broadband routers (*i.e.*, devices

that provide internet connectivity via satellite).[2] *See Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment,* Case No. 2:13-cv-7245 (C.D. Cal., May 5, 2015), Dkt. #371, at 1, 11, attached as Exhibit 2. The court held that the plaintiff must apply a smallest salable unit rule because "[t]hese products have multiple components, but the invention at issue concerns only one component." *Id.* at 9. The court held that the plaintiff failed to present any evidence that the patented technology was the sole basis of demand for the accused routers, which is the only exception to the smallest salable unit rule. *Id.* at 10.

2. ***Wi-LAN, Inc. v. Alcatel-Lucent USA, Inc.*** **(EDTX)**

In *Wi-LAN, Inc. v. Alcatel-Lucent USA, Inc.*, the court excluded the plaintiff's damages expert for failing to use the smallest salable unit when determining the royalty on accused cellular base stations.[3] 2013 WL 10404065, at *3 (EDTX June 28, 2013). Noting that the patents covered a method of transmitting over the cellular network--and not the base station itself--the court held that the plaintiff's expert improperly included revenue for the entire cellular base station and failed "to tie the calculation of damages owed by Alcatel-Lucent to the smallest salable patent-practicing unit." *Id*. The court held that the plaintiff was not permitted to use the entire value of the base station because the ***only exception*** to the smallest salable unit rule is if the plaintiff offered evidence that the patented feature drove demand for the entire multi-component product, which it failed to do. *Id*.

3. ***In re Innovatio IP Ventures, LLC Patent Litigation*** **(N.D. Ill.)**

WiFi access points similar to the ones at issue in this case were accused in *In re Innovatio IP Ventures, LLC Patent Litigation*, 2013 WL 5593609, at *1 (N.D. Ill. Oct. 3, 2013). The court

---

[2] Applying Harris's logic, a satellite broadband router is a "single purpose device" because it primarily provides connectivity to the internet.

[3] Again, applying Harris's logic, a cellular base station is a "single purpose device" because it primarily provides connectivity to the cellular network.

rejected the plaintiff's demands to use the entire access point as a royalty base, stating "Innovatio's patents did not invent access points, radios, or antennas, but instead only a method for using those devices, the instructions for which are contained on the WiFi chip." *Id*. at *14. The court held that the plaintiff "did not credibly apportion the value of the end-products down to the patented features" and held that the royalty base must be calculated based on the WiFi chip. *Id*.

Harris argues that *Innovatio* does not apply here because the court limited the royalty base to the WiFi chip in the context of determining the fair, reasonable, and non-discriminatory ("FRAND") rate for standards essential patents. Opposition at 16, n.20. The fact that the court later set a FRAND royalty rate based on the plaintiff's contractual commitment is irrelevant. The court still first had to determine the proper royalty base within the accused WiFi access points, and in that case, it identified the WiFi chip as incorporating the patented technology. The *Innovatio* case demonstrates that the smallest salable unit rule is applicable even to Harris's so-called "single purpose" WiFi access points.

   4.   *GPNE Corp. v. Apple, Inc.* **(N.D. Cal.)**

In *GPNE Corp. v. Apple, Inc.*, the court excluded the plaintiff's damages expert for arguing the patent claims were directed at the entire devices, instead of some component in the accused devices. 2014 WL 1494247, at *1 (N.D. Cal., April 16, 2014). [4] Making the same argument that Harris does in its opposition, the plaintiff argued that there was no smallest salable unit--such as the cellular radio--because the patent claimed a "device," and the cellular radio

---

[4] The accused devices were Apple cellular devices. The asserted patent claimed a means of communicating over the 3G and 4G cellular network.

could not practice the entire patent claim by itself. *Id*. at *11-12; s*ee* Opposition 15-16 and n.20.[5]

The court held "this cursory recitation of the entire device in the asserted claims does not foreclose the component that directly implements the invention from being the smallest salable patent-practicing unit for reasonable royalty purposes." *Id*. at 12. The court further held that the fact that the patent disclosed a "device" was immaterial because "[a]dopting GPNE's reasoning would allow patent drafters to effectively abolish the smallest salable patent-practicing unit doctrine by simply drafting patent claims to cover end products rather than the individual components that actually embody the invention." *Id*. at *13.[6]

**D. Dr. Mody Improperly Used the Entire Market Value of the Accused Access Points**

Dr. Mody improperly used the entire market value of the accused WiFi access points as the basis for her damages methodology: Dr. Mody calculated the gross margin of accused products and compared that to the gross margin of non-accused products. She then attributed the difference in margin to Harris's patented technology. Supplemental Expert Report of Dr. Nisha Marie Mody, attached as Exhibit B to Ruckus's *Daubert* Motion, at 5.

Dr. Mody's methodology is impermissible. The Federal Circuit has repeatedly and explicitly held that the plaintiff cannot use the value of the entire product as the basis of a reasonable royalty calculation unless it demonstrates that the patented technology is the sole

---

[5] Harris contends the WiFi radio and antenna cannot be the smallest salable unit because "the WiFi radio does not infringe by itself; the antenna does not infringe by itself."

[6] Harris also seems to argue that *AstraZeneca AB v. Apotex Corp.* supports its position. *See* Opposition at 16. It does not. As Ruckus noted in its opening brief, the asserted patent in *AstraZeneca* claimed the entire accused pharmaceutical--the outer coating and the chemical inside. 782 F.3d 1324, 1337-1338 (Fed. Cir. 2015). *AstraZeneca* does not apply to this case because Harris did not invent the WiFi access point, and its patents do not claim every component in the accused access points. Moreover, the Federal Circuit commented that it was undecided about whether the EMVR and smallest salable unit rule should be applied to pharmaceutical, as opposed to electronics, cases. *Id*.

8

driver of consumer demand. There is no such evidence here. *See LaserDynamics v. Quanta,* 694 F.3d 51, 69 (Fed. Cir. 2012) ("[plaintiff's expert] never conducted any studies or consumer surveys to ascertain whether the demand for a laptop computer is driven by the patented technology"). Comparing total gross margin of accused products to non-accused products is not acceptable unless the ***only difference*** between the accused and non-accused products is the patented invention, which Dr. Mody admitted was not the case. *See Daubert* Motion at 5, 16-17.

Harris attempts to justify Dr. Mody's analysis by citing to a passage in the *Ericsson* case stating that an expert could select a royalty base that reflects the value added by the patent. Opposition at 10. Harris takes the *Ericsson* passage out of context. The Federal Circuit went on in the next paragraph to rule:

> Our cases have added to that governing legal rule an important evidentiary principle. The point of the evidentiary principle is to help our jury system reliably implement the substantive statutory requirement of apportionment of royalty damages to the invention's value. The principle, applicable specifically to the choice of a royalty base, is that, where a multi-component product is at issue and the patented feature is not the item which imbues the combination of the other features with value, care must be taken to avoid misleading the jury by placing undue emphasis on the value of the entire product.
> …
> Thus, where the entire value of a machine as a marketable article is "properly and legally attributable to the patented feature," the damages owed to the patentee may be calculated by reference to that value. ***Where it is not, however, courts must insist on a more realistic starting point for the royalty calculations by juries—often, the smallest salable unit and, at times, even less***.

*Ericsson, Inc. v. D-Link Sys., Inc.* 773 F.3d 1201, 1226, 1227 (Fed. Cir. 2014) (emphasis added). *Ericsson* also requires Dr. Mody to use the smallest salable unit because there is no evidence that Harris's patented technology drives demand for the accused access points.

### E. Ruckus Produced the Costed BOMs, But Harris Claims They Are Irrelevant

It is demonstrably false that Ruckus failed to produce costed BOMs. Opposition at 12-14; *see* Ruckus's Opposition to Harris's Motion to Exclude Unproduced Documents (Dkt. No. 222).

9

Ruckus produced the costed BOMs and Harris used them as deposition exhibits to examine Mr. Ostiller.

Harris never requested the costed BOMs during discovery or prior to Dr. Mody's supplemental report. Furthermore, one of Harris's key arguments is that the costed BOMs are *not* relevant because Harris does not believe there is a smallest salable unit in this case. When asked at deposition if she required additional documents to complete her damages analysis, Dr. Mody said no, testifying "my analysis is sound the way it is." Exhibit 1, Mody Tr. 280:14-21.

### F. Ruckus Did Not Waive its Arguments to Exclude Dr. Mody Because There Has Been a Change in Patent Damages Law

Harris argues that Ruckus has waived its *Daubert* challenge because it failed to file this motion prior to the initial *Daubert* deadline, June 1, 2012. Opposition at 18. The Federal Circuit did not adopt the smallest salable unit rule in *LaserDynamics* until August 30, 2012, nearly three months later. It was impossible for Ruckus to raise a *LaserDynamics* challenge by June 1, 2012.

Furthermore, the parties agreed in the Case Management Report to allow damages experts to amend their opinions based upon the new Federal Circuit case law. Amended Case Management Report, Dkt. No. 171, at 3. The Court granted the parties the right to file amended expert reports. Case Management and Scheduling Order, Dkt. No. 176, at 1. Ruckus's expert, Mr. Ostiller, amended his methodology to conform to the Federal Circuit's smallest salable unit mandates; Dr. Mody did not. Ruckus's *Daubert* challenge to Dr. Mody is proper because Dr. Mody was given an opportunity to follow the law, but failed to.

### III. CONCLUSION

Dr. Mody's approach to damages calculations is specifically barred by Federal Circuit authority. Her opinions should not be presented to the jury.

10

Dated: May 22, 2015                                  Respectfully submitted,

*/s/ L. Scott Oliver*
L. Scott Oliver (*pro hac vice*)
scott.oliver@klgates.com
Ranjini Acharya (*pro hac vice*)
ranjini.acharya@klgates.com
K & L GATES LLP
630 Hansen Way
Palo Alto, CA 94304
Tel: 650 798 6765
Fax: 650 798 6701

Eric C. Rusnak (*pro hac vice*)
eric.rusnak @klgates.com
K&L GATES LLP
1601 K. Street, N.W.
Washington, DC 20006
Tel: 202 778 9000
Fax: 202 778 9100

Jonathan B. Morton
jonathan.morton@klgates.com
K & L GATES LLP
200 S Biscayne Blvd Suite 3900
Miami, FL 33131
Tel: 305 539 3300
Fax: 305 358 7095
Attorneys for Defendant RUCKUS
WIRELESS, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 22, 2015, I electronically filed the foregoing with the Clerk of the Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Case of the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive notices from the Court under the CM/ECF system.

                                                                  */s/ L. Scott Oliver*

## SERVICE LIST
6:11-CV-00618-CEM-KRS

| | |
|---|---|
| **Brian A.E. Smith**<br>Bunsow, De Mory, Smith & Allison, LLP<br>351 California St., Ste. 200<br>San Francisco, CA 94104<br>415.426.4729<br>Fax: 415.426.4744<br>Email: bsmith@bdiplaw.com<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br><br>*Attorney for Plaintiff Harris Corporation* | **Henry C. Bunsow**<br>Bunsow, De Mory, Smith & Allison, LLP<br>351 California St., Ste. 200<br>San Francisco, CA 94104<br>415/675-8889<br>Fax: 415/675-8892<br>Email: hbunsow@bdiplaw.com<br>LEAD ATTORNEY<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED<br><br>*Attorney for Plaintiff Harris Corporation* |
| **Christina Finn**<br>Bunsow, De Mory, Smith & Allison, LLP<br>351 California St., Ste. 200<br>San Francisco, CA 94104<br>415-426-4747<br>Fax: 415-426-4744<br>Email: cfinn@bdiplaw.com<br>LEAD ATTORNEY<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED<br><br>*Attorney for Plaintiff Harris Corporation* | **Taylor Flanagan Ford**<br>King, Blackwell, Zehnder & Wermuth, PA<br>PO Box 1631<br>Orlando, FL 32802-1631<br>(407) 422-2472<br>Fax: (407) 648-0161<br>Email: tford@kbzwlaw.com<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br><br>*Attorney for Plaintiff Harris Corporation* |

| | |
|---|---|
| **Denise M. De Mory**<br>Bunsow, De Mory, Smith & Allison, LLP<br>Suite 101<br>600 Allerton St<br>Redwood City, CA 94063<br>415/675-8889<br>Fax: 415/675-8892<br>Email: ddemory@bdiplaw.com<br>LEAD ATTORNEY<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED<br><br>*Attorney for Plaintiff Harris Corporation* | **Thomas A. Zehnder**<br>King, Blackwell, Zehnder & Wermuth, PA<br>PO Box 1631<br>Orlando, FL 32802-1631<br>407/422-2472<br>Fax: 407-648-0161<br>Email: tzehnder@kbzwlaw.com<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br><br>*Attorney for Plaintiff Harris Corporation* |
| **Frederick S. Wermuth**<br>King, Blackwell, Zehnder & Wermuth, PA<br>PO Box 1631<br>Orlando, FL 32802-1631<br>407/422-2472<br>Fax: 407/648-0161<br>Email: fwermuth@kbzwlaw.com<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br><br>*Attorney for Plaintiff Harris Corporation* | **Alden K. Lee**<br>Bunsow, De Mory, Smith & Allison, LLP<br>351 California St., Ste. 200<br>San Francisco, CA 94104<br>415/426-4731<br>Fax: 415/426-4744<br>Email: alee@bdiplaw.com<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED<br><br>*Attorney for Plaintiff Harris Corporation* |